PAGE 6/XII

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

USDC RECEIVED
CLERK, FLORENCE, SC
2013 NOV -8  AM 10: 24

CHRISTOPHER ODOM
S.S. CLAIM M73101
PATIENT I.D. # CRC004639 H9624707A
INMATE #905          PLAINTIFF

[Enter the full name of the plaintiff in this action]

v.

STATE OF SOUTH CAROLINA
CIVIL ACTION / CASE NUMBER
U.S.D.C. 5:13-CV-2632
ALAN WILSON  DEFENDANTS  ATTY General of South Carolina,
Albert Pierce ATTY of South Carolina D.M.H.
[Enter the full name(s) of the defendant(s) in this action]
STATE TREASURY. DEFENDANT'S

Civil Action No. 5:13 CV 2632
(to be assigned by Clerk)

COMPLAINT
State Prisoner

Amendment
AND
OBjections OF
UNITED STATES MAGISTRATE
JUDGE KAYMANI D. WEST
ORDER DATED 10-15-13. Also
Request For Appointment of
Counsel For Plaintiff Social
Security Claim m73101, Patient CRC004639
H9624709, Inmate #905, Claim 5:13CV2632

I. PREVIOUS LAWSUITS

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise related to your imprisonment?  Yes ___ No ___
See Social Security Claim M73109

B. If your answer to A is Yes, describe the lawsuit in the space below. If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.

1. Parties to this previous lawsuit: See Social security claim M73101

   Plaintiff: _____

   Defendant(s): _____

2. Court: See Social Security claim M73101
   (If federal court, name the district; if state court, name the county)

3. Docket Number: See Social Security claim M73101

4. Name(s) of Judge(s) to whom case was assigned: See Social Security claim M73101

5. Disposition: See Social Security claim M73101
   (For example, was the case dismissed? Appealed? Pending?)

6. Approximate date of filing lawsuit: See Social Security claim M73101

7. Approximate date of disposition: See Social Security claim M73101

Complaint - State Prisoner
Revised October 3, 2007

For U.S.D.C 5:13cv2632     Page M/XIII

II. PLACE OF PRESENT CONFINEMENT

A. Name of Prison/Jail/Institution: See Social Security claim m73101 S.C.D.M.H patient #4639H9624707A

B. What are the issues that you are attempting to litigate in the above-captioned case?
See Social Security claim m73101 S.C.D.M.H patient #4639H9624707A

C. (1) Is there a prisoner grievance procedure in this institution? Yes___ No___
See Social Security claim m73101
(2) Did you file a grievance concerning the claims you are raising in this matter? Yes___ No___
See Social Security claim m73101
When_____ Grievance Number (if available) S.C.D.M.H. patient #CRC00 4639H9624707A

D. Have you received a final agency/departmental/institutional answer or determination concerning this matter (i.e., your grievance)? Yes___ No___
See Social Security claim m73101 See S.C.D.M.H patient #CRC00 4639H9624707A

E. When was the final agency/departmental/institutional answer or determination received by you?
See Social Security claim m73101
If possible, please attach a copy of your grievance and a copy of the highest level decision concerning your grievance that you have received. See Social Security claim m73101 S.C.D.M.H patient # CRC004639H9624707A

F. If there is no prison grievance procedures in this institution, did you complain to prison, jail, or institutional authorities? Yes___ No___
See Social Security claim m73101

G. If your answer is YES: See Social Security claim m73101 crc00:4639H9624707A
See Social Department of Mental Health patient
1. What steps did you take? See Social Security claim m73101 See S.C.D.M.H. patient #4639H9624707A
2. What was the result? See Social Security claim m73101 See S.C.D.M.H. patient #4639H9624707A

III. PARTIES

In Item A below, place your name, inmate number, and address in the space provided. Do the same for additional plaintiffs, if any.

A. Name of Plaintiff: CHRISTOPHER ODOM / See Social Security claim m73101
Address: P.O. Box 12084, CHARLESTON, S.C. 29422
S.C.D.M.H patient #4639H9624707A S.S.A claim M73101

In Item B below, place the full name of the defendant, his official position, and place of employment in the space provided. Use Item C for additional defendants, if any.

B. Name of Defendant: NIKKI HALEY     Position: GOVERNOR S.C.
Place of Employment: STATE OF SOUTH CAROLINA
Responsible Authorities et.al.

C. Additional Defendants (provide the same information for each defendant as listed in Item B above):
ALAN WILSON ATTORNEY GENERAL OF SOUTH CAROLINA

Responsible Authorities et.AL.

Complaint - State Prisoner
Revised October 3, 2007

FOR U.S.D.C. 5:13-CV-2632

Pg. XVII/0

PLAINTIFF

**6. STATEMENT OF CLAIM** - continued. See Defendant Albert Pierce case 3:11-CV-2713.

ATTN: See Newspaper(s) Clipping Enclosed in Claim 5:13CV2632 (ATTN: Defendants of claim 5:13-CV-2632 clearly Plaintiff is living on Defendants property. Defendants are liable of Plaintiff injuries.)

* Plaintiff will show the federal Court the Defendants to include but not limited Governor Nikki Haley desmiates against Plaintiff in respect to Affordable Health Care Reform (Affordable Health Care Act/Obamacare) for injuries Plaintiff sustain from Defendants/State of South Carolina taxpayers/City of Charleston Taxpayers/City of North Charleston Taxpayers, C.C.O.H employees, Charleston County Detention Center employees/The South Carolina Department of Mental Health employees/The taxpayer elected Official employees from October 12, 2013 and continuing.

* Plaintiff will show Sheriff Al Cannon denied Plaintiff access to Family Court to include however not limited too discrimination, cruel and unusual punish and excess of $15,000 dollars spent to transfer however denied Plaintiff access to Family Court for approximately 16 months. See Enclosed News paper clipping "Cannon Defends taxpayers tab in Veronica case" in oppose of Plaintiff and or Every citizen of our state deserving the same Red-Carpet treatment. Plaintiff will also show that on 2-1-12 Plaintiff reported injuries at Roper Hospital whom refer me S.C.D.M.H. (see Tanya Ray on 2-2-12) whom are the ones that is S.C.D.M.H. whom cause injury to Plaintiff. The Defendants denied Plaintiff the right to Represent Plaintiff pro se on pending city of Charleston Courts, State of South Carolina Courts U.S.D.C. Courts, U.S.C.A. Courts the supreme court of the United States and Social security administration hearings due too placement in South Carolina Department of Mental Health 4/5/11 thru 4/21/11 and 9/28/11 thru 11/28/11.

For U.S.D.C.
5:13cv2632

PAGE IV/XIV

## STATEMENT OF CLAIM

*State here, as briefly as possible, the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach an extra sheet if necessary.*

PLAINTIFF OBJECTS C/A NO. 5:13-CV-2632 RMG-KDW ORDER PAGE 2 OF 5 FIRST PARAGRAPH LINE 3 IN PART 1 AND to tax fees AND costs AGAINST PLAINTIFF, S.C.D.M.H. Patient #CRC0046394962 4707, INMATE # 905 Social Security claim M73101 (NOTE PLAINTIFF will hold the defendants of class action 5:13cv2632 Also Liable For taxes of I.R.S. starting date of October 12, 2013 thru resolution/Reparations of this claim) AT conclusion of this case if the court finds the case to be without merit. See Flint v. Haynes 651 F.2d 970, 972-74 (4th Cir 1981). Plaintiff response: the court (U.S.D.C.) by Not Ordering the Defendants to Respond to plaintiff C/A No. 5:13CV2632 Page Number X-5 Pages 1 of 2 AND Page 2 of 2 Demanding the preservation of certain evidence Related to the plaintiff claim of incidents video-tape recordings S.C.D.M.H. Patient #CRC0046394962 4707 AND INMATE #905 of Charleston County Detention Center from october 12, 2010 thru January 24, 2011 (see Lane v. Montgomery elevator co. 484 SE 2d 581(1968) O.C.G.A. 24-4-22. Defendants of C/A No. 5:13-2632 FAILURE to preserve and maintain this evidence we will seek any sanctions available under the law See R.A. Siegel Co v. Bower 539 S.E. 873 (2000) Chapman V. Auto owners Co. 469 S.E. 2d 783 (1986) The destruction alterations or loss of any of the above constitute a spoilation of evidence under South Carolina Laws to include however not limited S.C. Code ANN § 15-3-530 (1988) etcetera. Plaintiff objects to C/A No. 5:13-cv-2632 page 2 thru 5 in its entirety. Plaintiff response: Any ignorance to the Laws of South Carolina AND or the Constitution of the United States of America FEDERAL CIVIL LAW AND PROCEDURES IS A Direct Result of the the Defendants of CASE 5:13CV2632 PLACEMENT OF PLAINTIFF IN S.C.D.M.H. Plaintiff Request APPOINTMENT OF Counsel (see U.S.C. 6300L A(D)(6) OR ANY Applicable Federal STATUTE). (See U.S.D.C. 3:11-CV-2713)(see Social Security claim M73101)(see S.C.D.M.H. patient Number CRC0046394962 4707 Medical Record dated 4-05-11 thru 4-21-11 And 9-28-11 thru 11-28-11), for plaintiff. Plaintiff Also reiterates the emergency of Medical Care, therapy, Reparation base on plaintiff earning power prior to injuries to include however not limited to pain and suffering Reparation Due to the Atrocities plaintiff suffered by the hands of Defendants from now? Affiliates of Defendants of CASE 5:13-cv-2632. Plaintiff base these findings on the Patient Protection AND the Affordable Care Act "OBAMA CARE ACT" AND REFUSAL of Governor Nikki Haley of South Carolina to implement United States of America President Barack Obama "OBAMA CARE ACT" Medicare Expansion in spite of the Defendants of claim 5:13-cv-2613 injuries to plaintiff see Social Security claim M73101. Pro se complaints Are held to a less stringent standard than those drafted by Attorneys, Gordon v. Leeke 574 F.2d 1147, 1151 (4th Cir 1978) and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow for the development of a potentially meritorious case. Erickson v. Pardus 551 U.S. 89 (2007); Hughes v. Rowe 449 U.S. 59, 9-10 (1980); Cruz v. Beto, 405 U.S. 319 (1972).

PLAINTIFF SEEKS MEDICAL AND MONETARY RELIEF FROM DEFENDANTS ①CHARLESTON COUNTY TREASURER ②City of Charleston treasurer ③ City of NORTH CHARLESTON TREASURER ④STATE OF SOUTH CAROLINA treasurer ⑤CHAMPUS, AND ⑥THE DEFENDANT(S) of claim 5:13CV2632 INJURY/NEGLIGENCE POLICY HOLDERS, in the Amount of $16 million dollars. *Attention: The Defendants continue to deny PLAINTIFF Social Security claim M73101 Access to the courts. Because of plaintiff Poverty the State of South Carolina County of Charleston refuse to give Plaintiff S.C.D.M.H. patient CRC0046394962 4707, INMATE #905, Social Security claim M73101 Access to courts. Plaintiff poverty is a direct result of the State of South Carolina, placing plaintiff in South Carolina Department of Mental Health against plaintiff will AND OR consent. See HABEAS CORPUS claim U.S.D.C. CASE #3:11-CV-2713. Attachments page XV And page XVI of case 5:13-CV-2632

- Relief: PLAINTIFF request REPARATION in the Amount of ORIGINAL complaints ①Charleston County Treasurer ②City of Charleston Treasurer ③City of North Charleston treasurer to include however Not limited too U.S.D.C. claim Dated 10-29-10 given to Family court Judge Paul Garfinkel on 10-29-10. Three petitioner Holds Houston v. Lack 487 U.S. 266 (1989) PLAINTIFF seeks monetary relief from Defendants Insurance Policy Holder, CHAMPUS AND SOUTH CAROLINA STATE TREASURY. $16 million dollars. Plaintiff Relieve of Melancholy

Declare that the foregoing is true and correct.

Signed this 20th day of October 2013

_____
Signature of Plaintiff/Social Security claim #M73101

Complaint - State Prisoner
Revised October 3, 2007