UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Odom, | ) C/A No.: 5:13-2632-RMG-KDW |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| State of South Carolina; Family Court Case # 183442/#950R1005342, Claim Date 10-29-10, Judge Garfinkel, seal on 10-29-10; State of South Carolina Taxpayers; People of Charleston Taxpayers; Charleston County Public Defenders Office; Sheriff Al Cannon Employees; Sheriff Al Cannon; Sheriff Al Cannon Detention Center; City of Charleston Taxpayers; City of Charleston Taxpayers/Mayor Riley; City of N. Charleston Taxpayers; City of N. Charleston Taxpayers/Mayor K. Summey; City of Charleston Police Department; City of N. Charleston Police Department; Department of Social Services S.C.; S.O. G. of Sheriff Al Cannon Detention Center; Governor Nickki Haley; South Carolina Department of Mental Health; G. Werber Bryan Psychological Hospital; Dr. Ferlanto, M.U.S.C.; Dr. Griswald, M.U.S.C.; Crafts Farrow State Hospital; SCDMH Employees; SCDMH Staff; SCDMH Security; SCDMH Health Care Providers; D.H.E.C.; Champus; The Medical University of South Carolina; Just Care; G.E.O.; Charleston County Solicitors Office; United States District Court (various case numbers); Fourth Circuit Court of Appeals (various case numbers); United States Supreme Court (various case numbers); South Carolina Court of Appeals (various case numbers); Dr. Russell Keith; Dr. J. Bennice; the Defendants Liability Insurance Policyholder; Alan Wilson, Attorney General; Albert Pierce, Atty of SCDMH; South Carolina Taxpayers/S.C. State Treasury, | ) ) ) ) ) )REPORT AND RECOMMENDATION ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

This case is before the court for review of Plaintiff's response to the undersigned's Order of October 15, 2013 ("initial Order"), in which Plaintiff was instructed to do the following within 21 days:

> 1) Complete *in an organized way*, sign, and return the enclosed complaint form to the Clerk of Court for filing as an amended complaint.
>
> . . . .
>
> 2) Complete one summons form that lists every Defendant that you intend to sue in this matter and provide street address for each intended Defendant.
>
> . . . .
>
> 3) Complete, sign, and return a Form USM-285 for each Defendant you intend to sue in this case and whose name is listed on the summons requested above. **Only one Defendant's name and street address should appear on each form**.
>
> . . . .
>
> 4) Submit fully completed, signed and dated Plaintiff's Answers to the Court's Special Interrogatories, which are attached to this Order.

Order 2-3, ECF No. 11 (emphases in original). The need for an amended complaint and answers to special interrogatories was based on the problems the court encountered in its initial attempts to conduct the required initial review of Plaintiff's pro se Complaint. Furthermore, the case was not "in proper form" because Plaintiff had not provided service documents for the Defendants he named. These problems (including, but not limited to, conclusory, disorganized allegations couched in collective terminology without specifying which Defendant did what, when, and where) were explained to Plaintiff in detail, and he was informed that if he did not comply with the directions contained in the Order within the 21 days allotted, his case could be dismissed for failure to comply with the court's Order. *Id*. at 2. Additionally, Plaintiff was given explicit instructions on how to prepare the summons and Marshals Service forms ("Form USM-285") to provide an accurate service address for each named Defendant so that the United States Marshals Service could undertake service on Plaintiff's behalf in the event the ordered amended complaint proved sufficient for service on any Defendant. *Id*. at 2-3. To assist Plaintiff in complying with the court's directions, Plaintiff was provided with a blank court-approved complaint form, a summons form, and 30 blank Forms

USM-285.[1]

    Plaintiff responded to the initial Order within the allotted time frame by submitting three separate summons forms, none of which comply with the directions contained in the court's Order because none provides "a street address for each intended Defendant" and none provides "a full address where each intended Defendant can be served pursuant to Rule 4 of the Federal Rules of Civil Procedure." Further, Plaintiff did not provide his own address information in the spaces where he was directed to do so. Instead of following the explicit, step-by-step directions regarding how to list Defendants "whose names and street addresses do not fit in the space [for defendants' names and addresses] on the summons form . . ." by writing them on a separate sheet of paper, ECF No. 11 at 2-3, Plaintiff attempted to write all of the Defendants' names, without accompanying addresses, in the small area on the form for the caption of the case. He wrote three different persons' names (the state Attorney General, the Charleston County Solicitor, and a private attorney) and two partial addresses and one full address for these persons in the space for "To: (Defendant's name and address)," in the space on the form intended for the names and addresses of Defendants. Plaintiff drew some arrows on two of the forms appearing to connect some names to others. Although it is possible Plaintiff intends to instruct the court to use one of the three listed addresses for some or all of the other 30 Defendants, the information Plaintiff provided does not follow the court's directions contained in the initial Order. The submitted summons forms are so improperly completed that they cannot be issued by the Clerk of Court, and they would be useless to the court for effecting service on any named Defendant in the event any plausible claim against any Defendant were discerned. Under the circumstances, it should be determined that Plaintiff did not comply with direction "2)"

---

[1]Upon initial review, it appeared that 30 Defendants were named in the Complaint.

of the initial Order.

Also, approximately one-third of the 43 Forms USM-285 submitted by Plaintiff contain only one Defendant's complete name and full street address as directed, and several of the arguably properly completed forms (containing street addresses) name persons who are not parties to this case and whose names are not specifically referenced anywhere in the substantive portions of the original Complaint or the Amended Complaint ("Officer Tuyga, Chuck Banghart, Dennis Susuko, Ashley Dell Cash, Charleston Area Regional Transit Authority"). The majority of the submitted Forms USM-285 suffer from similar defects as the summons forms in that another person/official's name and partial address is written in the space where the Defendant's name and address should go. Again, instead of providing the Defendants' personal street addresses, Plaintiff attempts to use generic addresses (state and county official, private attorney) without explaining why or how these addresses could be considered good addresses under Rule 4 for service on the named Defendants. Only seven of the 43 submitted Forms USM-285 name a party to this case and are completed sufficiently to permit them to be used by the United States Marshals Service in the event the court were to determine that any type of plausible claim is stated against any of those seven parties. As a result, the court should find that the provision of only seven potentially correct forms out of 43 provided does not constitute substantial compliance with direction "3)" of the court's initial Order.

Additionally, Plaintiff failed to substantially comply with direction "4)" of the initial Order in that his Answers to the court's Special Interrogatories are not responsive to most of the questions propounded. ECF No. 16. Instead of providing the answers or things requested (such as an easily readable list of intended Defendants), except for checking "no" on two questions and writing "no" after one other question, Plaintiff responds to each question by referencing a Social Security Claim number and a South Carolina Department of Mental Health patient number. *Id*. Plaintiff submitted

471 pages of documents along with his Amended Complaint. Those documents include a hodgepodge of medical reports, police reports, and court documents. *See* ECF No. 18-1 through 18-17. Arguably, Plaintiff seeks to inform the court that he cannot answer the interrogatories and seeks to have the court search through the 471 pages of documents in an attempt to determine the answers to its questions. To the extent that is the case, Plaintiff is advised that the court will not undertake such an effort itself. It is well settled that such time-consuming effort is not required of the court in the performance of its acknowledged duty to "liberally construe" pro se pleadings during initial review. In performing those duties, the court is not required to rummage through multiple pages of attachments that may or may not be relevant to the question at hand, nor is the court required to be a "mind reader" or make the pro se litigant's arguments or claims for him. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Farabee v. Feix*, 119 F. App'x 455, 457 n.2 (4th Cir. 2005). Because Plaintiff failed to provide most of the answers sought through the Special Interrogatories, the court should find that Plaintiff did not comply with direction "4)" of the initial Order.

Finally, the Amended Complaint Plaintiff submitted does not comply with the court's instructions. Rather than clarify and correct some of the obvious problems in the original Complaint that prevented the undersigned from conducting the required initial review, the Amended Complaint submitted creates more confusion. *See* ECF No. 18. The amended pleading seems to repeat some of the "access to court" allegations contained in the original Complaint, but it also seems to include some additional claims involving medical care and "Obamacare." The Amended Complaint does not list "all intended Defendants" as directed, nor does it organize the allegations by Defendant sued. Instead, the allegations in the Amended Complaint also refer to the Social Security claim and a South Carolina Department of Mental Health patient number and refer back to some, but not all, of

5

the allegations of wrongdoing and Defendants contained in the original Complaint.

Rather than listing each intended Defendant or organizing the allegations in a form that would permit the court to determine which allegation was against which Defendant or Defendants as directed in the court's initial Order, ECF No. 11 at 3, and the Special Interrogatories, ECF No. 16 at # 6, Plaintiff's Amended Complaint lists as Defendants several parties not previously named: the state Attorney General; Albert Pierce, attorney for South Carolina Department of Mental Health;"South Carolina Taxpayers/S. C. State Treasury;" and "responsible authorities, et. al." Am. Compl. 1-2, ECF No. 18. The court is unable to discern from the Amended Complaint whether Plaintiff intends to pursue claims based on some or all of the allegations contained in the original complaint against all of the 30 persons and entities named in the original Complaint, in addition to some "Obamacare-related" claims against Defendants (the state Attorney General, the private attorney, and the South Carolina taxpayers), or whether he intends the Amended Complaint to take the place of the original Complaint and to pursue claims against those persons and entities named in the Amended Complaint. In addition, the court remains unable to determine what Plaintiff claims happened to him and whom he purports to sue. In short, rather than ameliorate or correct the conclusory and confusing nature of the original Complaint, the Amended Complaint adds to the confusion and continues to preclude initial review. The court should find that Plaintiff failed to comply with direction "1)" (or any other direction) of the initial Order.

As the Fourth Circuit Court of Appeals recently stated: "A district court may dismiss an action based on a plaintiff's failure to comply with any order. Fed. R. Civ. P. 41(b). Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court *should* dismiss the case." *Bey v. Virginia*, No. 13-6748, 2013 WL 6038657, *1 (4th Cir. Nov. 15, 2013) (citing *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989)). In *Bey*, the

Fourth Circuit Court of Appeals found dismissal for failure to comply with a court order to file an amended complaint was inappropriate because the court had not explicitly ordered plaintiff to file an amended complaint. *See id*. In this case, however, the court's initial Order contained express directions and warnings that were sufficiently explicit to support dismissal of this case for failure to comply with the court's initial Order. *See* Order 2, ECF No. 11. In addition, the undersigned notes that Plaintiff has a history of incomplete litigation in this court. Accordingly, the undersigned is of the opinion that it would be futile to issue another proper-form order expecting him to improve his compliance with the directions and to bring the case into proper form.[2]

## RECOMMENDATION

Accordingly, it is recommended that this case be dismissed *without prejudice* based on Plaintiff's failure to comply with this court's Order. *See* Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a plaintiff fails to comply with "any order of the court" ); *see also Ballard*, 882 F.2d at 95; *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (court may dismiss *sua sponte*).

IT IS SO RECOMMENDED.

December 5, 2013                                                  Kaymani D. West
Florence, South Carolina                                          United States Magistrate Judge

---

[2] To the extent that the court can liberally construe Plaintiff's writing on the caption of the Amended Complaint: "Request for appointment of Counsel for Plaintiff" as requiring a response from the court, that request should be denied. Other than his references to a Social Security Claim and a Department of Mental Health patient number, Plaintiff does not provide any support for such request. There is no formal Motion on this subject on the docket and the court is without any specific information or knowledge of Plaintiff's claims or condition showing extraordinary circumstances requiring appointment of legal counsel in this case. Plaintiff's request should be denied at this time.

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).