IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Odom,<br><br>          Plaintiff,<br><br>vs.<br><br>State of South Carolina; Family Court Case # 183442/#950R1005342, Claim Date 10-29-10, Judge Garfinkel, seal on 10-29-10; State of South Carolina Taxpayers; People of Charleston Taxpayers; Charleston County Public Defender's Office; Sheriff Al Cannon Employees; Sheriff Al Cannon; Sheriff Al Cannon Detention Center; City of Charleston Taxpayers; City of Charleston Taxpayers/Mayor Riley; City of N. Charleston Taxpayers; City of N. Charleston Taxpayers/Mayor K. Summey; City of Charleston Police Department; City of N. Charleston Police Department; Department of Social Services S.C.; S.O. G. of Sheriff Al Cannon Detention Center; Governor Nickki Haley; South Carolina Department of Mental Health; G. Werber Bryan Psychological Hospital; Dr. Ferlanto, M.U.S.C.; Dr. Griswald, M.U.S.C.; Crafts Farrow State Hospital; SCDMH Employees; SCDMH Staff; SCDMH Security; SCDMH Health Care Providers; D.H.E.C.; Champus; The Medical University of South Carolina; Just Care; G.E.O.; Charleston County Solicitors Office; United States District Court (various case numbers); Fourth Circuit Court of Appeals (various case numbers); United States Supreme Court (various case numbers); South Carolina Court of Appeals (various case numbers); Dr. Russell Keith; Dr. J. Bennice; the Defendants Liability Insurance Policyholder; Alan Wilson, Attorney General; Albert Pierce, Atty of SCDMH; South Carolina Taxpayers/S.C. State Treasury,<br><br>          Defendants. | No. 5:13-cv-2632-RMG<br><br><br><br><br><br><br><br><br><br><br><br><br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b). (Dkt. No. 24). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

1

## Background

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil action. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) DSC, this matter was automatically referred to a United States Magistrate Judge for all pretrial proceedings. On October 15, 2013, the Magistrate Judge issued an order requesting Plaintiff to bring this action into proper form. (Dkt. No. 11). Plaintiff then submitted answers to the Court's special interrogatories, (Dkt. No. 16), proposed service documents, (Dkt. No. 17), and an amended complaint, (Dkt. No. 18). After reviewing these materials, the Magistrate Judge found they did not comply with the clear instructions provided in her prior order and issued the present R&R recommending this case be dismissed for failure to follow court instructions. (Dkt. No. 24). Plaintiff then filed objections to the R&R. (Dkt. No. 29).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

After review of the record, the R&R, and Plaintiff's objections, the Court finds that the Magistrate Judge properly concluded that this action should be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Despite clear instructions by the

Magistrate Judge to organize the allegations of his complaint, complete service documents for each Defendant so that service could be completed, and answer the Court's special interrogatories, Plaintiff failed to accomplish any of these tasks to even a minimal degree. Plaintiff's objections do not excuse or justify his noncompliance with the Court's order. Rather, Plaintiff appears to argue that the Magistrate Judge is at fault for failing to understand his complaint and that a Magistrate Judge with a medical degree should be assigned to his case. Given the almost complete noncompliance with the Court's order to bring this case into proper form, the Court agrees that the correct result is to dismiss this case without prejudice.

## Conclusion

As set forth above, the Court agrees with and adopts the R&R, (Dkt. No. 24), as the order of the Court and therefore dismisses this action without prejudice.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 9, 2014
Charleston, South Carolina